# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANTHONY JEROME ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-2457-JDT-cgc |
| | ) | |
| | ) | |
| SHELBY COUNTY CRIMINAL | ) | |
| COURT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER DISMISSING CASE,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On June 25, 2020, Plaintiff Anthony Jerome Ross, who is incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court granted Ross's motion for leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the Shelby County Criminal Court; Jim Lammey, the Judge for Division V of the Shelby County Criminal Court; [1] and the Shelby County Criminal Justice Center.

---

[1] Ross does not provide the Judge's name in his complaint, but the official website for Shelby County identifies the Judge for Criminal Court, Division V, as Jim Lammey. *See* www.shelbycounty/tn.gov/1591/Division-V.

In his complaint, Ross alleges: "The incident happened [sic] in July, my indictment has February. They don't have no evidence. I brought it to my attorney and a year later the judge allows the prosecutor to amend the indictment." (ECF No. 1 at PageID 2.) He asks for an injunction from this Court "to ensure the state court protects and honor[s] my constitutional right to due process." (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Ross v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Ross*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Ross filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Ross's purpose in naming the Shelby County Criminal Justice Center as a Defendant is not clear.  To the extent he is attempting to bring a claim against the Shelby County Jail,[2] his claim must be treated as a claim against Shelby County itself, which may be held liable *only* if Ross's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).  To demonstrate such municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).  Ross does not allege that a County custom or policy is responsible for any alleged violation of his rights and thus does not state a claim against Shelby County.

The Shelby County Criminal Court is a court of the Thirtieth Judicial District of Tennessee, established pursuant to state law.  *See* Tenn. Code Ann. § 16-1-101 ("The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, criminal courts, common law and chancery courts,

---

[2] It is possible that Ross listed the Justice Center as a Defendant merely because it is where the Shelby County Criminal Court is located.

chancery courts, court of appeals, and the supreme court, and other courts created by law.");
*see also id.* § 16-2-506(30)(A) ("The thirtieth judicial district is composed of the county of
Shelby.")  Ross's claims against the criminal court are, therefore, claims against the State
of Tennessee.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Eleventh Amendment to the United States Constitution provides that "[t]he
Judicial power of the United States shall not be construed to extend to any suit in law or
equity, commenced or prosecuted against one of the United States by Citizens of another
State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The
Eleventh Amendment has been construed to prohibit citizens from suing their own states
in federal court.  *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472
(1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va.
Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may
waive its sovereign immunity at its pleasure, and in some circumstances Congress may
abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts
may not entertain a private person's suit against a State." (citations omitted)).  Tennessee
has not waived its sovereign immunity and therefore may not be sued for damages.  *See*
Tenn. Code Ann. § 20-13-102(a).  Moreover, a state is not a person within the meaning of
42 U.S.C. § 1983.  *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617
(2002); *Will*, 491 U.S. at 71.  Ross thus has no claim against the Shelby County Criminal
Court.

The Supreme Court has clarified, however, that "a state official in his or her official
capacity, when sued for injunctive relief, would be a person under § 1983 because

'official-capacity actions for prospective relief are not treated as actions against the State.'"
*Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985),
and  *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Thiokol Corp. v. Dep't of
Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he
[eleventh] amendment does not preclude actions against state officials sued in their official
capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S.
123)).

To proceed with an official-capacity claim for prospective injunctive relief against
Defendant Lammey, a state-court Judge, Ross must allege that the State of Tennessee was
responsible for the violation of his constitutional rights because of a practiced custom or
policy.  *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).  This is the same standard
applied to § 1983 claims brought against a municipality or county.  *See Monell*, 436 U.S.
at 691; *Garner*, 8 F.3d at 364.  The custom or policy must be "the moving force" behind
the deprivation of the plaintiff's rights.  *Powers v. Hamilton Cnty. Pub. Defender Comm'n*,
501 F.3d 592, 606-07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694).  Because Ross does
not allege that a State policy was the "moving force" behind any alleged violation of his
rights, he does not state a claim against Judge Lammey in his official capacity.

With regard to any claims Ross may intend to assert against Judge Lammey in his
individual capacity, he also does not have a valid claim.  It is well settled that judges, in
the performance of their judicial functions, are absolutely immune from civil liability.
*Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978);
*Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689

6

F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). Ross's allegation here is that Judge Lammey allowed the prosecutor in Ross's criminal case to amend the indictment, apparently to correct the date of the offense. That action clearly was within the scope of Judge Lammey's judicial function; therefore, Ross's claims against Lammey are barred by judicial immunity.

Lastly, the only relief sought by Ross is an injunction from this Court ordering the state court to protect his right to due process. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

7

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience
> of having to defend against a single criminal prosecution, could not by
> themselves be considered "irreparable" in the special legal sense of that term.
> Instead, the threat to the plaintiff's federally protected rights must be one that
> cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. In this case, Ross does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

For all of these reasons, Ross's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES this case with prejudice in its entirety for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend is DENIED.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), that any appeal in this case would not be taken in good faith. If Ross

nevertheless chooses to file a notice of appeal, he must either pay the entire $505 appellate filing fee or submit, in compliance with 28 U.S.C. §§ 1915(a)-(b), an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Ross, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.  This strike shall take effect when judgment is entered.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE